IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

  v.                                    Case No.:  22-CV-549

$9,494.00 IN U.S. CURRENCY AND
$11,030.00 IN U.S. CURRENCY,

        Defendant.

---

VERIFIED COMPLAINT IN REM

---

      Plaintiff, United States of America, by its attorneys, Timothy M. O'Shea, United States Attorney for the Western District of Wisconsin, and by Heidi L. Luehring, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G (2) of the Federal Rules of Civil Procedure. The allegations in this Complaint are supported by a declaration from Investigator James Mancuso.

      1.      This is a civil action *in rem* brought to enforce the provision of 21 U.S.C. § 881(a)(6) for the forfeiture of all moneys furnished or intended to be furnished in exchange for a controlled substance, all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate a violation of Title II of the Controlled Substances Act, 21 U.S.C. §§ 801 *et seq.*

2. The defendant property consists of $9,494.00 in U.S. currency seized by the La Crosse Police Department on April 27, 2022, at 1021 5th Avenue South, La Crosse, Wisconsin.

3. The defendant property also consists of $11,030.00 in U.S. currency seized by the La Crosse Police Department on April 27, 2022, at 322 9th Street, La Crosse, Wisconsin.

4. Plaintiff brings this action *in rem* to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345 and over an action for forfeiture under 28 U.S.C. § 1355(a).

5. This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. § 1355(b). Upon the filing of this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem,* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

6. The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes 1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; 2) proceeds traceable to such an exchange; and 3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.

7. On January 15, 2022, a cleaning woman entered a hotel room at a hotel in La Crosse, Wisconsin to clean. The room had been rented to Paige Roberts (Roberts), who was not in the room at the time. The woman found a number of suspected controlled substances and drug packaging in plain view. The cleaning woman contacted her manager, and they took photos of the room.[1] The manager contacted the police, who started to work on obtaining a search warrant for the hotel room.

8. While other officers obtained a search warrant, a few officers responded to the hotel and knocked on the hotel room door, but no one answered. The officers-maintained surveillance of the hotel room from the down the hall. At one point, law enforcement observed a man exit the hotel room, and then quickly re-enter it. The same man exited a short time later and asked if he was under arrest. Officers told him no, and he then left the hotel in a car. Officers later identified this man as Raphiel Kuntu (Kuntu).

9. After Kuntu left the hotel, Roberts exited the hotel room and spoke with police. She gave consent to search the room but denied they would find any drugs.

10. Officers executed a search warrant on the hotel room and located several baggies containing approximately 45.6 grams of heroin[2] inside of a backpack.

---

[1] The photographs taken by hotel staff of the hotel room, show a digital scale; a plastic baggie containing smaller baggies containing a white substance; large bundles of cash on the nightstand; and two larger bags containing a clear substance.

[2] The substance was tested using a NARC-II Reagent Test Kit and was positive for the presence of heroin.

Officers also located approximately 16.5 grams of cocaine base;[3] approximately 59.4 grams of MDMA;[4] approximately 10 grams of cocaine;[5] some unknown substances, and empty vacuum sealed bags with residue. Officers also noted a part of a plastic baggie floating in the toilet bowl, and there appeared to be white sediment at the bottom of the bowl.

11. In an interview with police, Roberts claimed ownership of the heroin, and backpack.

12. On March 16, 2022, in a controlled buy, two confidential informants (CIs) purchased approximately 114.4 grams of methamphetamine[6] from Kuntu with $1,800 in pre-recorded U.S. currency. Officers had observed Kuntu near 1021 5th Avenue, South in La Crosse, Wisconsin (5th Avenue, South) earlier in the day, prior to the controlled buy taking place.

13. On April 13, 2022, in a controlled buy, the CIs purchased approximately 114.7 grams of methamphetamine[7] and approximately 1.2 grams of fentanyl[8] from Kuntu with $1,900 in pre-recorded U.S. currency. Officers observed Kuntu walk to the meet location from the same house on 5th Ave. South.

---

[3] The substance was tested using a TruNarc spectrometer and indicated "cocaine base."
[4] The substance was tested using the TruNarc spectrometer and indicated the presence of caffeine. The substance was tested using a NARC-II Reagent Test Kit, the presence of MDMA was indicated.
[5] The substance was tested using the TruNarc spectrometer and indicated "cocaine HCL."
[6] The substance tested positive for the presence of methamphetamine using a TruNarc Raman Spectrometer.
[7] The substance tested positive for the presence of methamphetamine using the TruNarc Analyzer.
[8] The substance tested positive for the presence of fentanyl using the TruNarc Analyzer.

14. On April 27, 2022, law enforcement executed a search warrant at 5th Avenue, South. In a bedroom of the residence, officers located:

   a. safe containing $7,780 in U.S. currency;

   b. a shoebox containing approximately 94.5 grams of suspected methamphetamine divided into baggies;

   c. a shoebox containing approximately 171 grams of methamphetamine,[9] approximately 31.2 grams of fentanyl,[10] approximately 21.2 grams of cocaine,[11] drug packaging materials, scales, small amounts of cocaine and THC;

   d. approximately 23.2 grams of black fentanyl;[12]

   e. a 9mm Ruger with a loaded magazine;

   f. $770 in U.S. currency;

   g. a bag containing approximately 5.18 lbs. of methamphetamine;[13]

   h. three unloaded firearms;

   i. $884.00 in U.S. currency;

   j. documents addressed to Kuntu and Roberts; and

   k. a wallet containing Kuntu's social security card and a debit card in his name.

15. In the closet of the bedroom, officers located three additional approximately five-pound bags of suspected methamphetamine, a suitcase containing approximately 4,265 grams of suspected THC with $60 in cash, and a

---

[9] The substance tested positive for methamphetamine using a TruNarc Raman Spectrometer.
[10] The substance tested positive for fentanyl using a TruNarc Spectrometer.
[11] The substance tested positive for the presence of cocaine using a TruNarc Raman Spectrometer.
[12] The substance tested positive for the presence of fentanyl using a NARKII Fentanyl Test Kit
[13] The substance tested positive using a TruNarc Raman Spectrometer.

5

camo-print duffle bag that contained approximately 917 grams of black fentanyl;[14] approximately 134 grams of white fentanyl;[15] and approximately 270 grams of brown fentanyl.[16]

16. Prior to the execution of the search warrant at 5th Ave. South, officers observed Kuntu exit the residence with Roberts and get into a vehicle. Roberts drove the car and Kuntu was the passenger. Officers attempted to stop the car, but Roberts sped off. Officers observed Kuntu get out of the car and run away while holding a black duffel bag. Officers tracked him to a house at 322 9th St. in La Crosse (9th Street), where they watched him enter the residence. Kuntu exited after police surrounded the house and ordered him out. Kuntu exited the residence without the black duffel bag.

17. On that same day, officers executed a search warrant at the 9th St. residence. In one of the bedrooms, officers located a child's backpack containing $11,030 in U.S. currency. In the front pocket of the backpack, officers found Kuntu's Wisconsin identification card and a debit card in his name. Officers also located a black duffle bag containing two iPhones, and a third iPhone on the bed. A review of those phones revealed they belonged to Kuntu, and replete with evidence of drug distribution.

---

[14] The substance tested positive using a NARKII Fentanyl Test Kit.
[15] The substance tested positive for fentanyl using a NARKII Fentanyl Test Kit.
[16] The substance tested positive for fentanyl using a NARKII Fentanyl Test Kit.

18. Any additional facts and circumstances supporting the seizure of the defendant property are contained within the attached declaration and incorporated herein this complaint.

WHEREFORE, the United States of America prays:

(1) that process of warrant be issued for the arrest of the defendant property;

(2) that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed;

(3) that judgment be entered ordering the property to be forfeited to the United States of America for disposition according to law; and

(4) that the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted this 23rd day of September 2022.

                        TIMOTHY M. O'SHEA
                        United States Attorney

By:   /s/ Heidi L. Luehring
      HEIDI L. LUEHRING
      Assistant U. S. Attorney
      222 W. Washington Avenue
      Suite 700
      Madison, Wisconsin 53703